**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronald SHIPLEY, Defendant— Appellant.**

No. 01–10180.
D.C. No. CR–00–00051–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2002 *.

Decided Aug. 28, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI and McKEOWN, Circuit Judges, and FITZGERALD,** District Judge.

MEMORANDUM ***

■ 1. The police did not violate 18 U.S.C. § 3109 when they entered Shipley's residence with a warrant but without first knocking and announcing. Police learned from three confidential informants and their own investigation that Shipley was illegally manufacturing and distributing methamphetamine, that he was heavily armed and prone to violence as a prospective member of the Hell's Angels gang, and that he had a long criminal history, which included convictions for battery and drug offenses. This combination of factors—a far cry from the sort of "generalizations and stereotypes" disapproved in our cases, *see, e.g., United States v. Granville*, 222 F.3d 1214, 1219 (9th Cir.2000)—is sufficient to constitute exigent circumstances justifying a no-knock entry. We have excused the police from knocking and announcing under similar circumstances. *See, e.g., United States v. Hudson*, 100

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1409, 1417 (9th Cir.1996) (holding that the no-knock but warranted entry was justified when agents knew that the defendant sold methamphetamine to a confidential informant, had a prior drug offense conviction, and stored firearms and easily destroyable drug paraphernalia on the premises).

Because Shipley's argument fails under section 3109, it necessarily fails under the Fourth Amendment. *See United States v. Ramirez,* 523 U.S. 65, 73, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998) (holding that the same standards apply in both contexts to claims of exigency excusing the failure to knock and announce).

2. We reject Shipley's argument that the police were required to obtain a special "no-knock warrant" when the exigent circumstances were known at the time the warrant was sought. While no-knock warrants may be advisable, they are not required. *Richards v. Wisconsin,* 520 U.S. 385, 396 n. 7, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). In *Richards,* the magistrate judge specifically crossed out the portion of the warrant authorizing a no-knock entry. Nevertheless, the Court found that because there were exigent circumstances at the time of entry, there was no violation. *Id.* at 395–96, 117 S.Ct. 1416. Here, because exigent circumstances existed when the police entered the residence, their failure to obtain a no-knock warrant beforehand is similarly irrelevant.

■ 3. The district court did not err in rejecting Shipley's argument that the circumstances surrounding the search and arrest were so coercive that they rendered his post-arrest statements involuntary despite his waiver of *Miranda* rights. The detective who questioned Shipley testified that Shipley was never threatened, was clothed during questioning, and appeared calm, polite and cooperative. Furthermore, although the initial entrance by the SWAT team might have been sudden, the team had already left when questioning took place. Shipley's outright refusal to answer questions about the Hell's Angels also indicates that he exercised real choice in deciding whether or not to cooperate.

■ 4. Shipley's ineffective assistance of counsel claim fails. Trial counsel argued against the adoption of the magistrate judge's Report and Recommendation, successfully requested an evidentiary hearing on the voluntariness issue, cross-examined the detective in charge of questioning Shipley, and elicited favorable testimony from Shipley on his involuntariness claim. She also acted competently by preserving the Fourth Amendment and voluntariness issues for appeal by negotiating a conditional guilty plea, thereby ensuring that Shipley received acceptance of responsibility credit at sentencing. Indeed, the district judge commended Shipley's counsel for doing "an excellent job, given the circumstances of the case." There is no showing of deficient counsel performance that even approaches the requisite standard under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5. In his Reply Brief, Shipley challenges the district court's order requiring him to complete an approved sex offender program as part of his supervised release conditions. Because Shipley failed to raise this issue in his Opening Brief, the issue is waived. *All Pac. Trading v. Vessel M/V Hanjin Yosu,* 7 F.3d 1427, 1434 (9th Cir. 1993).

AFFIRMED.